IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WILLIAM E. RIDEG,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BERLETH and NADIA BERLETH,<br><br>Defendants. | CV 21–21–M–DLC–KLD<br><br><br><br><br>**FINDINGS AND RECOMMENDATION** |

This matter is before the Court on Plaintiff's Motion to Remand. (Doc. 2.) For the reasons stated below, the Court recommends the motion be granted and this case be remanded to the Montana Fourth Judicial District Court, Missoula County.

**I.    Background**

This case arises from a landlord-tenant dispute which devolved into an eviction action in state court. Plaintiff William E. Rideg previously leased residential property to Defendants Robert and Nadia Berleth. In 2018, Rideg terminated the lease and initiated the eviction action against the Berleths. Rideg's defamation claims in this lawsuit stem from statements the Berleths allegedly made about Rideg during the eviction action. (Doc. 2-2.)

1

On December 26, 2019, Rideg filed an amended complaint in state court alleging violations of Montana's defamation statutes and seeking punitive damages against the Berleths. (Doc. 2-2.) Rideg completed service on February 11, 2021. (Doc. 2-2 at 16.) On February 26, 2021, the Berleths timely removed the Complaint to this Court on the grounds that "at all times, before, during, and foreseeably after, the Bertleth's [sic] have domiciled and have been residents of the State of Texas." (Doc. 1 at 1.) The Berleths also filed a civil cover sheet indicating they removed the case pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction. (Doc. 1-1 at 1.)

Rideg moves to remand this case pursuant to 28 U.S.C. § 1447(d) based on the Berleths' failure to establish that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a). The parties do not dispute that complete diversity is met. (Doc. 2 at 2.) Rideg is a citizen of Montana and the Berleths are citizens of Texas. (Doc. 1 at 4; Doc. 2-1 at 2.) However, it appears from the Berleths' Notice of Removal that they removed this case to federal court solely on the ground that the action is between citizens of different states. (Doc. 1.) Notably, the Berleths' Notice of Removal does not set forth the amount in controversy. (Doc. 1.) Rideg accordingly argues that although the parties are citizens of different states, the amount in controversy is less than $75,000 and this case should be remanded to state court.

2

## II. Discussion

### A. Legal standards

Federal district courts are "courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Their jurisdictional scope is empowered by the Constitution and federal statute. *Kokkonen*, 511 U.S. at 377. "A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 132 (2005) (citation omitted). Pursuant to 28 U.S.C. § 1332, Congress "has granted district courts original jurisdiction in civil actions between citizens of different States" where the amount in controversy exceeds $75,000, exclusive of interest and costs. *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 552 (2005). The "amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of the defendant's liability." *Lewis v. Verizon Commun., Inc.*, 627 F. 3d. 395, 400 (9th Cir. 2010).

The procedure for removing a civil action from state court to federal court is set forth in 28 U.S.C. § 1446. The statute requires the defendant to file a notice of removal "containing a short and plain statement of the grounds for removal" in the federal district court where the action is pending. 28 U.S.C. § 1446(a). The notice of removal "need include only a plausible allegation that the amount in controversy

3

exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). If the plaintiff or court thereafter disputes the defendant's amount in controversy allegation, the defendant is required to set forth evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B).

Where the operative complaint does not state the "specific amount of damages sought, the party seeking removal under diversity bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount." *Lewis*, 627 F.3d at 397 (citing *Guglielmino v. McKee Foods Corp.*, 506 F. 3d 696, 699 (9th Cir. 2007)). There is a presumption against removal and "any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

**B.     Notice of Removal**

Rideg argues the Berleths' Notice of Removal is devoid of a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and could therefore be remanded for this deficiency alone. *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89. *See,* Doc. 1. The Berleths counter that their oversight 'is wholly amendable, will not cause prejudice to Plaintiff, and amounts

to a technical defect, at worst." (Doc. 7 at 11.) The Berleths also emphasize that their removal was *pro se* and should therefore be construed liberally.

It is clear from the face of the Notice of Removal that the Berleths failed to state an amount in controversy, let alone allege the amount in controversy exceeded $75,000, as required for removal based on diversity of citizenship. (Doc. 1.) Although courts generally allow amendment to cure defective allegations in a notice of removal, federal courts stop short of granting untimely amendment to include missing jurisdictional allegations. *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1028-30 (9th Cir. 2017) (distinguishing remand based on a notice of removal's procedural defects from remand based on "the absence of an element of subject matter jurisdiction[.]"); *Denton v. Wal-Mart Stores, Inc.*, 733 F. Supp. 340, 341 (M.D. Fla. 1990) ("An imperfect or defective allegation is distinguished from a missing allegation, which is not subject to amendment after thirty days.") *See also, De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1156 (D. N.M. 2015) ("There are limits to the defects that an amended notice of removal may cure . . . amendment of the removal notice may seek to . . . clarify the jurisdictional amount . . . however, defendants may not add completely new grounds for removal or furnish missing allegations[.]") (quoting 14 C. Wright & A. Miller, *Federal Practice and Procedure* § 3733, at 651-59 (4th ed. 2009)). Amendment of the Berleths' Notice of Removal would not clarify the amount in controversy, it would

add a missing jurisdictional allegation. Additionally, the Berleths have not filed a motion to amend and the thirty-day removal period has expired.

Finally, the Court notes that Robert Berleth is an attorney licensed in Montana who is registered with this District's CM/ECF and who represented Nadia Berleth in this case at the time of removal. (Doc. 1.) The Berleths' contention that the Notice of Removal was filed *pro se* is therefore not entirely accurate. Even liberally construing the Notice of Removal as filed *pro se*, the record shows that amendment would not cure the jurisdictional defect in this case.

**C. Amount in Controversy**

The Berleths argue the amount in controversy exceeds $75,000 based on Rideg's demands during settlement communications. (Doc. 7 at 4.) *Minjares v. Northwestern Corp*, 2011 WL 4104919 (D. Mont. Sept. 14, 2011) ("A settlement letter is relevant evidence of the amount in controversy where it appears to reflect a reasonable estimate of plaintiff's claim.") (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). The Berleths support their assertion with an affidavit, e-mail exchanges, and a release. (Docs. 7-1, 7-2, 7-3.) In the affidavit, Robert Berleth declares that "[d]uring settlement communications that followed, Plaintiff, on February 19, 2021, demanded a lump-sum payment of $90,000.00 in full settlement of his purported claims, before reducing his demand to $72,490.00." (Doc. 7-1 at ¶ 10.)

Rideg counters that he never demanded a settlement sum of $90,000. Rather, Rideg argues the $90,000 figure referenced by the Berleths is contained in a Montana Defense Trial Lawyers release exemplar emailed to Robert Berleth at his request. (Doc. 10 at 2.) Indeed, upon review of the exhibits offered by the parties, it is evident that Rideg never made a $90,000 settlement demand.

On February 17, 2021 Robert Berleth emailed Rideg's attorney with a settlement proposal. (Doc. 10-1 at 4-5.) In the email, Robert Berleth stated, "I'd prefer using one of your standard Montana releases, rather than a Texas one." (Doc 10-1 at 5.) In response, Rideg's attorney stated, "As far as the release, a Montana version would be appropriate given the venue and jurisdiction of the complaint." (Doc. 10-1 at 4.) The parties continued exchanging emails wherein Rideg's attorney stated, "If you'd like to get a proposed final general release together for review, which includes all of your aforementioned solutions, I will have an easier time discussing with my client." (Doc. 10-1 at 5.) Robert Berleth responded, "I don't have a general Montana release." (Doc. 10-1 at 5.)

On February 19, 2021 Robert Berleth emailed Rideg's attorney asking, "[d]o you have a draft release? I don't think I have 3 word documents with line numbers on my computer." (Doc. 7-2 at 2.) Rideg's attorney responded, "Attached is an exemplar. Thanks", and attached a Montana Defense Trial Lawyers release. (Doc. 7-2 at 1.) The exemplar did not identify the parties, was dated in 2017, identified

the Montana Eleventh Judicial District Court as the presiding jurisdiction, and included a dispute description related to real property in Bigfork, Montana which involved claims against a real estate broker including negligence, negligence per se, fraud, negligent misrepresentation, deceit, and violations of the Montana Consumer Protection act. (Doc. 7-2 at 9.) Apart from the information contained in the exemplar being plainly distinguishable from the instant defamation action, the emails between the parties after Mr. Berleth received the exemplar do not indicate Mr. Berleth interpreted the $90,000 figure in the exemplar as a settlement demand. (Doc. 2-2 at 23-26.)

For the foregoing reasons, the Berleths' argument that Rideg advanced a $90,000 settlement demand is unavailing. The Berleths do not set forth any other argument to establish the amount in controversy requirement has been met. Accordingly, the Berleths have not met their burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. This Court is therefore without diversity jurisdiction over this matter, and the case must be remanded to state court.

**D.    Attorney Fees**

Rideg requests the Court award him attorney fees associated with the Berleths' removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the

removal." 28 U.S.C. § 1447(c). A court may award attorney fees "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In awarding attorney fees the court should consider "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied[.]" *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) (citing *Martin*, 546 U.S. at 140).

Based on the record in this matter, the Court recommends that an award of attorney fees is not warranted. Although the Berleths' removal was improper, resolving an award of attorney fees would only further delay resolution of this case and require the additional expenditure of resources by the parties and the Court. "Congress has unambiguously left the award of [attorney] fees to the discretion of the district court." *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992).

### III. Conclusion

For the reasons explained above, the Court concludes that it is without subject matter jurisdiction to adjudicate this matter. Accordingly,

IT IS HEREBY RECOMMENDED that Plaintiff's Motion to Remand be GRANTED, and Plaintiff's request for attorney fees be DENIED.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 7th day of May, 2021.

/s/ Kathleen L. DeSoto
Kathleen L. DeSoto
United States Magistrate Judge