IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WILLIAM E. RIDEG, <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT BERLETH and NADIA BERLETH, <br><br> Defendants. | CV 21–21–M–DLC <br><br><br> ORDER |

Before the Court is the Findings and Recommendation of United States Magistrate Judge Kathleen L. DeSoto. (Doc. 15.) Judge DeSoto recommends granting Plaintiff William E. Rideg's Motion for Remand to State District Court. (*See* Doc. 2.) Notwithstanding her recommendation in favor of Rideg's substantive motion, Judge DeSoto recommends denying Rideg's request for attorney's fees and costs associated with Defendants Robert Berleth's and Nadia Berleth's (collectively, "the Berleths") removal. (*See* Docs. 2 at 1; 15 at 9.)

As neither party filed objections within the statutory period to do so, 28 U.S.C. § 636(b)(1)(C), the Court reviews the Findings and Recommendation for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error review is "significantly deferential" and exists if the Court is left with a "definite and firm

conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Reviewing for clear error, the Court finds none. The Berleths disingenuously point to what is obviously an exemplar "Release of Claims" to prove that the amount in controversy in this case exceeds the statutory threshold necessary to satisfy diversity jurisdiction. (*See* Doc. 7-2 at 9.) Like Judge DeSoto, the Court is not fooled, and the Berleths' "proof" of an amount in controversy in excess of $75,000 fails to meet the preponderance of the evidence standard necessary to avoid remand. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (applying the preponderance of the evidence burden of proof to the removing defendant when the plaintiff moves to remand). Thus, because this Court lacks subject matter jurisdiction, 28 U.S.C. § 1332(a), the case will be remanded to state court. The Berleths' evidentiary sleight of hand aside, the Court agrees that attorney's fees and costs are unwarranted in view of the protracted nature of this case. *See Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 446 (9th Cir. 1992) (whether to award fees lies with the discretion of the court).

Accordingly, IT IS ORDERED that the Court ADOPTS Judge DeSoto's Findings and Recommendation (Doc. 15) IN FULL, and Rideg's Motion for Remand to State District Court (Doc. 2) is GRANTED. This case is remanded to the Fourth Judicial District Court for the State of Montana.

IT IS FURTHER ORDERED that all other pending motions (Docs. 13, 16) are DENIED, because this Court lacks subject matter jurisdiction over this case.

DATED this 9th day of August, 2021.

/s/ Dana L. Christensen
Dana L. Christensen, District Judge
United States District Court